# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL ADAM,

        Petitioner,                Case Number: 4:07-CV-14535

v.                                  HONORABLE. PAUL V. GADOLA

JAN TROMBLEY,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner Paul Adam, a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Petitioner's state court conviction is not yet final and his claims are therefore unexhausted, the Court shall summarily dismiss the petition without prejudice.

Petitioner is incarcerated pursuant to a conviction for uttering and publishing rendered in Allegan County Circuit Court. On March 5, 2007, Petitioner was sentenced to two to twenty years imprisonment. Petitioner states that he has not appealed his conviction because he did not receive any appeal papers after sentencing. Petition at p. 3.

A Michigan prisoner challenging his confinement by way of a habeas corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). The petitioner bears the burden of showing that state court remedies have been exhausted. *Id*. at 1420, n.3. The exhaustion

requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Petitioner states that he has not appealed his conviction in state court because he was not provided with the necessary papers. M.C.R. 7.205(F) allows an applicant twelve months from the entry of the judgment or order being appealed to file a delayed application for leave to appeal in the Michigan Court of Appeals. Accordingly, the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals has not expired. Therefore, petitioner has an available remedy in state court to exhaust his claims, and has not shown that exhaustion would be futile.

Where a petition contains both exhausted and unexhausted claims, the Sixth Circuit Court of Appeals has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). *See also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies). The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002).

In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. In addition, because Petitioner's conviction is not yet final, the one-year limitations period applicable to the filing of a habeas petition has not yet commenced. *See* 28 U.S.C. §

2241(d)(1). Thus, the Court finds that the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated:   November 2, 2007                                s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  November 2, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Paul Adam                                              .


                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845